No. 25-10182

# In the United States Court of Appeals for the Fifth Circuit

STATE OF TEXAS,

*Plaintiff-Appellant*,

v.

PFIZER INC.,

*Defendant-Appellee*.

On Appeal from the United States District Court
for the Northern District of Texas, Lubbock Division

**Plaintiff's and Defendant's Joint Motion to
Postpone Oral Argument and
Hold Appeal in Abeyance
Pending Supreme Court's Resolution of
*Chevron U.S.A. Inc. v. Plaquemines Parish*, U.S. No. 24-813**

Scott A. Keller
LEHOTSKY KELLER COHN LLP
7500 Rialto Blvd., Suite 1-250
Austin, TX 78735
(512) 693-8350
scott@lkcfirm.com

Mark M. Rothrock
LEHOTSKY KELLER COHN LLP
8513 Caldbeck Dr.
Raleigh, NC 27615

Carlton E. Wessel
DLA PIPER LLP (US)
500 Eighth St. NW
Washington, D.C. 20004

Andrew J. Hoffman II
DLA PIPER LLP (US)
Suite 400, 2000 Ave. of the Stars
Los Angeles, CA 90067

Meagan D. Self
DLA PIPER LLP (US)
Suite 2200, 1900 N. Pearl St.
Dallas, TX 75201

*Counsel for Defendant-Appellee*

Ken Paxton
   *Attorney General of Texas*
Brent Webster
   *First Assistant Attorney General*
Ralph Molina
   *Deputy First Assistant Attorney General*
Austin Kinghorn
   *Deputy Attorney General for Civil Litigation*
Johnathan Stone
   *Chief, Consumer Protection Division*
Abigail E. Smith
   *Assistant Attorney General*

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
12221 Merit Drive, Suite 650
Dallas, TX 75251
(214) 290-8830
abby.smith@oag.texas.gov

*Counsel for Plaintiff-Appellant*

Pursuant to Federal Rule of Appellate Procedure 27, both parties respectfully move this Court to postpone oral argument and hold this appeal in abeyance pending the Supreme Court's resolution of *Chevron U.S.A. Inc. v. Plaquemines Parish*, U.S. No. 24-813 (cert. granted June 16, 2025; oral argument January 12, 2026). The parties also respectfully request that this Court then rescind its January 23, 2026 order for supplemental letter briefs regarding jurisdictional issues, and instead order the parties to file supplemental briefs on jurisdictional issues after the Supreme Court resolves *Chevron U.S.A. Inc. v. Plaquemines Parish*.

## BACKGROUND

Pfizer removed this case to federal court under the federal-officer removal statute, 28 U.S.C. § 1442. ROA.11-25.

This Court has currently scheduled oral argument in this appeal for February 5, 2026.

On January 23, 2026, this Court ordered supplemental briefing on the "effect on this case of the analysis of jurisdiction in *Kansas v. Pfizer*, *Inc.*, 24-1128 DDC BGS, 2025 WL 1394240 (D. Kan. May 14, 2025)." 1/23/2026 Supplemental Briefing Order at 2. The district court's decision in *Kansas v. Pfizer* held that Pfizer had improperly removed highly similar state-law claims under the federal-officer removal statute, 28 U.S.C. § 1442. 2025 WL 1394240, at *7. In reaching that conclusion, the *Kansas* district court principally relied upon this Court's decision in *Plaquemines Parish v. BP American Production Co.*, citing the decision more than twenty times, and concluding Pfizer failed the "fourth element of the federal officer removal test"—that the conduct at issue be "connected or associated with an act pursuant to a federal officer's directions." *See* 103 F.4th 324, 333 (5th Cir. 2024), *cert. granted* 145 S. Ct. 2792 (U.S. June 16, 2025); *Kansas*, 2025 WL

1

1394240, at *2-7. Pfizer subsequently appealed *Kansas v. Pfizer* to the U.S. Court of Appeals for the Tenth Circuit. *See Kansas v. Pfizer*, No. 25-3085 (10th Cir.).

After the district court decided *Kansas v. Pfizer*, the Supreme Court granted certiorari to review this Court's *Plaquemines Parish* decision. *See Chevron U.S.A. Inc. v. Plaquemines Parish*, 145 S. Ct. 2792 (U.S. June 16, 2025). The questions presented in that case directly implicate *Plaquemines Parish*'s analysis of the "connected or associated" test for federal-officer removal. *See* Pet. at i, *Chevron U.S.A. Inc. v. Plaquemines Parish*, No. 24-813 (U.S. Sept. 5, 2025). The Supreme Court heard oral argument in this case on January 12, 2026.

Accordingly, the Tenth Circuit has ordered Pfizer's appeal of *Kansas v. Pfizer* held in abeyance pending the Supreme Court's decision, which "will almost assuredly provide material guidance on the proper resolution of the question of federal-officer jurisdiction." Order, *Kansas v. Pfizer*, No. 25-3085 (10th Cir. Aug. 20, 2025). This Court's Supplemental Briefing Order raises nearly identical issues. 1/23/2026 Supplemental Briefing Order at 2.

## ARGUMENT

The Supreme Court will soon decide whether this Court's federal-officer removal analysis in *Plaquemines Parish*, 103 F.4th at 324, was correct. *See Chevron U.S.A. Inc. v. Plaquemines Parish*, U.S. No. 24-813. The parties agree that this Court therefore should postpone oral argument and hold this appeal in abeyance until the Supreme Court provides controlling guidance on this federal-officer removal issue, just as the Tenth Circuit did in *Kansas v. Pfizer*.

This Court has broad discretion to hold a case in abeyance. "[E]very court" has "inherent" power to "control the disposition of the causes on its

docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

The Supreme Court's decision in *Plaquemines Parish* will directly control the federal-officer removal analysis in this case. In *Plaquemines Parish*, this Court analyzed at length the "fourth element of the federal officer removal test"—that the conduct at issue be "connected or associated with an act pursuant to a federal officer's directions." *See* 103 F.4th at 335-345. The federal-officer removal analysis in this case implicates the same element. As the Tenth Circuit observed in abating the appeal in *Kansas v. Pfizer*, the Supreme Court's decision "will almost assuredly provide material guidance on the proper resolution of the question of federal-officer jurisdiction." August 20, 2025, Order, No. 25-3085 (quoting Pfizer's Motion to Hold Appeal in Abeyance at 2). Deciding that question before the Supreme Court rules could risk unnecessarily wasting judicial and party resources. Both parties thus agree oral argument should be postponed and this appeal should be held in abeyance pending the Supreme Court's resolution of *Chevron U.S.A. Inc. v. Plaquemines Parish*.

The parties also agree that instead of submitting briefing now on jurisdictional issues, it would conserve judicial and party resources to brief these issues after the Supreme Court resolves *Chevron U.S.A. Inc. v. Plaquemines Parish*. The parties therefore respectfully request that this Court rescind its January 23, 2026 order for supplemental letter briefing on jurisdictional issues, and instead order the parties to file supplemental briefs on jurisdictional issues after the Supreme Court resolves *Chevron U.S.A. Inc. v. Plaquemines Parish*.

3

## CONCLUSION

The Court should postpone oral argument and hold this appeal in abeyance pending the Supreme Court's resolution of *Chevron U.S.A. Inc. v. Plaquemines Parish*, U.S. No. 24-813. The Court should also rescind the pending January 23, 2026 order for supplemental letter briefs regarding jurisdictional issues, and instead order the parties to file supplemental briefs on jurisdictional issues after the Supreme Court resolves *Chevron U.S.A. Inc. v. Plaquemines Parish*.

Respectfully submitted,

| | |
|---|---|
| */s/ Scott A. Keller* <br> Scott A. Keller <br> LEHOTSKY KELLER COHN LLP <br> 7500 Rialto Blvd., Suite 1-250 <br> Austin, TX 78701 <br> (512) 693-8350 <br> scott@lkcfirm.com <br><br> Mark M. Rothrock <br> LEHOTSKY KELLER COHN LLP <br> 8513 Caldbeck Dr. <br> Raleigh, NC 27615 <br><br> Carlton E. Wessel <br> DLA PIPER LLP (US) <br> 500 Eighth St. NW <br> Washington, D.C. 20004 <br><br> Andrew J. Hoffman II <br> DLA PIPER LLP (US) <br> Suite 400, 2000 Ave. of the Stars <br> Los Angeles, CA 90067 <br><br> Meagan D. Self <br> DLA PIPER LLP (US) <br> Suite 2200, 1900 N. Pearl St. <br> Dallas, TX 75201 <br><br> *Counsel for Defendant-Appellee* | Ken Paxton <br>   *Attorney General of Texas* <br> Brent Webster <br>   *First Assistant Attorney General* <br> Ralph Molina <br>   *Deputy First Assistant Attorney General* <br> Austin Kinghorn <br>   *Deputy Attorney General for Civil Litigation* <br> Johnathan Stone <br>   *Chief, Consumer Protection Division* <br><br> */s/ Abigail E. Smith* <br> Abigail E. Smith <br>   *Assistant Attorney General* <br><br> OFFICE OF THE ATTORNEY GENERAL OF TEXAS <br> 12221 Merit Drive, Suite 650 <br> Dallas, TX 75251 <br> (214) 290-8830 <br> abby.smith@oag.texas.gov <br><br> *Counsel for Plaintiff-Appellant* |

## Certificate of Service

On January 27, 2026, this document was served via CM/ECF on all registered counsel and transmitted to the Clerk of Court. No paper copies were filed in accordance with the COVID-19 changes ordered in General Docket No. 2020-3.

*/s/ Abigail E. Smith*
Abigail E. Smith

## Certificate of Compliance

This motion complies with: (1) the length limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 682 words, excluding the parts of the motion exempted by Rule 32(f); (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Palatino Linotype) using Microsoft Word (the same program used to calculate the word count).

I further certify that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; and (2) the document has been scanned with the most recent version of a commercial virus scanning program and is free of viruses.

*/s/ Abigail E. Smith*
Abigail E. Smith